UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

WILLIAM BRYANT,

                         Plaintiff,

   -against-

THE CITY OF NEW YORK,
POLICE OFFICER DAVID MICHAEL (SHIELD 8293),
POLICE OFFICER DARLIN PADILLA,
AND SERGEANT WILLIE BRIGGS,

                         Defendants.

---------------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

JURY TRIAL
DEMANDED

17 CV 1432 (VEC)

      Plaintiff, WILLIAM BRYANT, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

<u>**PRELIMINARY STATEMENT**</u>

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

<u>**JURISDICTION**</u>

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the state of New York.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.   Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## NOTICE OF CLAIM

5.   Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6.   That Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing.

7.   This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY DEMAND

8.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9.   Plaintiff, WILLIAM BRYANT, is, and has been, at all relevant times, a resident of the City and State of New York.

10.   Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.   Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned

2

municipal corporation, THE CITY OF NEW YORK.

12.    At all times hereinafter mentioned, Defendant, POLICE OFFICER DAVID MICHAEL (SHIELD 8293), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties.

13.    At all times hereinafter mentioned, Defendant, POLICE OFFICER DARLIN PADILLA, was a duly sworn member of said department and was acting under the supervision of said department and according to her official duties.

14.    At all times hereinafter mentioned, Defendant, SERGEANT WILLIE BRIGGS, was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties.

15.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

16.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

17.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

18.    On May 21, 2016, at approximately 8:00 p.m., plaintiff WILLIAM BRYANT was lawfully operating his vehicle at or near the intersection of East 138th Street and Willis Avenue, in Bronx County, City and State of New York.

19.    At that time and place, the Defendants arrived on duty, in uniform and in NYPD vehicles.

3

20.   The Defendants pulled Plaintiff's vehicle over.

21.   Plaintiff complied with the Defendants' requests.

22.   The Defendants exited their vehicle, approached Plaintiff's vehicle, and asked for his identification.

23.   Plaintiff complied with the Defendants' requests.

24.   The Defendants continued to question Plaintiff, and Plaintiff complied by answering their questions.

25.   The Defendants asked Plaintiff to exit the vehicle, to which he complied.

26.   Plaintiff was not engaged in any suspicious or illegal activity.

27.   There was no reasonable basis for the Defendants to pull Plaintiff over or to approach.

28.   Despite the absence of any evidence of wrongdoing on the part of Plaintiff, the Defendants searched him.

29.   The search revealed no evidence of any guns, drugs or contraband.

30.   Plaintiff was not engaged in any suspicious, illegal, violent, or threatening behavior.

31.   Despite the absence of any wrongdoing on the part of the Plaintiff, Defendants placed the Plaintiff in handcuffs and formally arrested him.

32.   At no time on May 21, 2016 did Plaintiff commit any crime or violation of law.

33.   At no time on May 21, 2016 did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

34.   At no time on May 21, 2016 did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

35.   Nevertheless, Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

36.     Plaintiff was held for several hours at the stationhouse before he was transported to Bronx County Central Booking where he was held for several hours pursuant to false allegations made by the Defendants.

37.     Plaintiff was eventually summarily released from Bronx County Central Booking without explanation and without seeing a judge when the district attorney declined to prosecute Plaintiff.

38.     The Defendants provided knowingly false and misleading information to prosecutors at the Bronx County District Attorney's Office.

39.     As a result of the foregoing, Plaintiff William Bryant sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

40.     All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

41.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

42.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

43.     The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all

under the supervision of ranking officers of said department.

44.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

45.    Plaintiff WILLIAM BRYANT repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

46.    As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

47.    As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

48.    Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49.    Defendants arrested, searched, and incarcerated plaintiff WILLIAM BRYANT, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

50.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority

attendant thereto.

51.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

52.     Those customs, policies, patterns, and practices include, but are not limited to:

      i.    requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.    failing to properly train police officers in the requirements of the United States Constitution.

53.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

54.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, WILLIAM BRYANT.

55.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF
      NEW YORK and the New York City Police Department were the direct and proximate cause
      of the constitutional violations suffered by Plaintiff as alleged herein.

56.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF
      NEW YORK and the New York City Police Department were the moving force behind the
      constitutional violations suffered by Plaintiff as alleged herein.

57.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE
      CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed
      under arrest unlawfully.

58.   Defendants, collectively and individually, while acting under color of state law, were directly
      and actively involved in violating the constitutional rights of Plaintiff.

59.   Defendants, collectively and individually, while acting under color of state law, acquiesced in
      a pattern of unconstitutional conduct by subordinate police officers, and were directly
      responsible for the violation of Plaintiff's constitutional rights.

60.   All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional
      rights, particularly their Fourth and Fourteenth Amendment rights to be free from
      unreasonable search and seizure.

**AS AND FOR A THIRD CAUSE OF ACTION
FOR FALSE ARREST,
FALSE IMPRISONMENT
<u>PURSUANT TO STATE LAW</u>**

61.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with
      the same force and effect as though fully stated herein.

62.   That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed

responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

63.   Plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

64.   Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiff, without warrant, authority of law or probable cause therefore.

65.   That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

66.   That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

67.   That Plaintiff was conscious of the confinement.

68.     That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

69.     By the actions described above, defendants and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

70.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

10

Dated:  New York, New York
        August 21, 2017

                        Respectfully submitted,

                        **LAW OFFICES OF MICHAEL S.
                        LAMONSOFF, PLLC**
                        *Counsel for the Plaintiff*


                              /s/
        By:     JESSICA MASSIMI (JM-2920)
                32 Old Slip, 8th Floor
                New York, New York 10005
                (212) 962-1020

11